# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TANYA RENEE ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-79 ACL |
| | ) | |
| JOE TIFFANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of pro se plaintiff Tanya Renee Robbins for leave to proceed in forma pauperis. The Court has considered the financial information submitted in support, and will grant the motion. The Court will also dismiss the complaint, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Smith was a case manager employed by the Missouri Department of Social Services. Plaintiff has not identified any of the other defendants named in the caption of the complaint.

Plaintiff alleges that Tiffany took actions that resulted in her children being removed from her custody in March of 2017. Her allegations state as follows (in part):

> March 1, 2017, Joe Tiffany had my son who was 4 at the time pull his pants down outside and talked to my son and then attempted to enter my home, all this without my permission. He claimed my house smelled bad when first thing you smell when you enter premised is propane heater, not pets so I agreed to remove children and get rid of some pets and even agreed to intensive home services.
>
> March 3, 2017, Joe Tiffany returned to my home and said it was better but did not say the children could be there said he would call when his recommendation for home services went through, but there was no paper signed for any plan then. Joe Tiffany went back to Division of Family Services and told everyone he didn't

2

want my children in my home. I had also called his supervisor Laurie Grime and told her about his conduct on March 1, 2017 and she told me he could do whatever he wanted without a warrant and hung up on me and refused to pick up phone again when I kept calling back.

March 7, 2017, Bria Ward, Sarah Hill, Tonya came to my house threatening, bullying into letting them see the whole place including my bedroom when I said my room has nothing to do with it they said we can't give you service unless we see the whole house. Then they said with their supervisor on the phone you have to get rid of all your pets and I said no I would put them outside. Obviously them and their supervisor Brittany said no services cause I wouldn't get rid of the animals and that I was only willing to put them outside. I told the dad [Edward Gassell] well I guess our children can't live with us then. One of them said why not. I said well if you say house ain't safe cause of the bathroom floor that they said was weak which they wouldn't know cause they didn't even step on the floor, then my children won't live with us, and then I said I would sign guardianship of the children over to my ex-husband Joe [Robbins]. While I did what they wanted they also got mad as I was leaving the house cause I told Edward the dad of the children that if I was doing drugs or drinking or actually abusing and neglecting the children or sleeping with everyone in town they wouldn't have even been interested in taking the children unless it was for our son's disability check and to get social security…so they went to the juvenile officer and told him my house smelled, that there was poop all over, the bathroom floor was too weak, and they said I told them that I would rather sign my children over to my ex-husband than get rid of animals and my son's teeth were bad. The juvenile officer believed them and gave Gretchen Plaggenberg and Samantha Faulkner the paper with the children's names on it and he had put the Judge's name on it and they claimed intentional neglect….

In her request for relief, plaintiff seeks to have her children returned to her and monetary damages for emotional distress.

## Discussion

This case will be dismissed pursuant to the domestic relations exception. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain

3

from exercising jurisdiction." *Id*. In the case at bar, plaintiff is asking this Court to determine that Tiffany and the other named defendants in the caption committed wrongdoing in connection with state child custody proceedings. Plaintiff asks that the Court enter an order that changes the child's custody status.

This Court cannot, as plaintiff suggests, change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (questions concerning child custody are left entirely to state courts to answer). Because the domestic relations exception divests this Court of jurisdiction, this case will be dismissed without prejudice.

In addition, plaintiff's allegations against Tiffany and the other named defendants are merely the "unadorned, the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has held are unacceptable. *Iqbal*, 556 U.S. at 678. Although pro se complaints are construed liberally, they still must allege facts in support of the claims advanced, *Martin*, 623 F.2d at 1286, and this Court will not assume facts not alleged. *Stone*, 364 F.3d at 914-15. The complaint is subject to dismissal on this basis, as well.

Finally, regarding Tiffany and the other defendants employed by the State of Missouri, the Court notes that the complaint fails to specify whether he (and the others) are being sued in their official or individual capacity.

Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). The Court must therefore construe the complaint as against the governmental entity that employs these individuals, which in this case is the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (naming an official in her official

capacity is the equivalent of naming the entity that employs him); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered herewith.

Dated this 23rd day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE